KENNETH W. GLINES, Appellant, *v.* VINCENT S. MUSZYNSKI, Respondent.

Fourth Department, February 22, 1962.

*Kenneth W. Glines,* in person, and *Robert L. Manuele* for appellant.

*Barth, Sullivan & Lancaster (John J. Sullivan, Jr.,* of counsel), for respondent.

*Per Curiam.* On May 18, 1957, plaintiff was a passenger in a car which was in collision in this State with a vehicle owned and operated by defendant. The defendant was a resident of New York State at the time of the accident and remained there until March, 1959, when he moved to California. On February 24, 1960, service of the summons and complaint was made pursuant to the provisions of sections 52 (now 253) and 52-a (now 254) of the Vehicle and Traffic Law by mailing copies thereof to the Secretary of State.

Section 52 (now 253) provides in part that such service upon the State official " shall be sufficient service  *  *  *  provided that notice of such service and a copy of the summons and complaint are forthwith sent  *  *  *  to the defendant by registered mail with return receipt requested." For reasons unnecessary here to detail the copies of the summons and complaint were not so mailed to defendant in California until September 28, 1960.

Defendant thereafter appeared generally and moved under rule 107 of the Rules of Civil Practice to dismiss the complaint upon the ground that the cause alleged therein had not accrued within the statutory period of three years limited by law for the commencement of a tort action. The motion was granted.

We conclude that this holding was erroneous. After the defendant moved to California, the Statute of Limitations would no longer run in his favor, in view of his absence from the State (Civ. Prac. Act, § 19, first par.), unless he designated someone within the State upon whom a summons could be served " with the same legal force and validity as if served personally " on the defendant within the State (Civ. Prac. Act, § 19, subd. 1). The defendant was deemed to have so designated the Secretary of State by force of sections 52 and 52-a of the Vehicle and

Traffic Law. The Statute of Limitations continued to run in favor of the defendant only by virtue of such designation. It therefore follows that service upon the designated officer was sufficient to stop the running of the Statute of Limitations. The statutory period of limitation for commencement of the action was tolled by the service of the summons upon the Secretary of State. (Cf. *Schram* v. *Keane,* 279 N. Y. 227; *Johnson* v. *Bunnell,* 8 A D 2d 832; *Stewart* v. *Transcontinental Car Forwarding Co.,* 169 Misc. 427 [BERGAN, J.].)

It is recognized that the statutory provision under consideration mandates the taking of certain actions following service on the Secretary of State such as notification of the defendant and the filing with the Clerk of the court of certain proofs and registered mail receipts. (See Second Preliminary Report of the Advisory Committee on Practice and Procedure, 1958, pp. 458, 465.)

It may well be that, after the Statute of Limitations had been tolled by the service upon the Secretary of State, the summons was not " forthwith sent " to defendant by registered mail and the other procedural steps taken as mandated by section 52 (now 253) of the Vehicle and Traffic Law and that a motion might have been made to set the service aside on that ground. (Cf. *Howland* v. *Giorgetti,* 12 A D 2d 953; *Bauman* v. *Fisher,* 12 A D 2d 32; *Johnson* v. *Bunnell,* 8 A D 2d 832, *supra*; *Michaud* v. *Lussier,* 6 A D 2d 746.)

All of this, however, has been waived by defendant's motion to dismiss under rule 107 on the ground that the action was barred by the Statute of Limitations. This constituted a general appearance. Section 237-a of the Civil Practice Act permits a defendant to make a special appearance solely to object to the court's jurisdiction over his person, upon the ground, among others, " that process or its service is insufficient ". If otherwise raised the objection is deemed waived. It thus becomes unnecessary for us to reach or pass upon the principal contention of appellant — that the summons was not forthwith served upon him by mail and therefore service of process was insufficient. This, as has been stated, was waived by the defendant's general appearance.

The order appealed from should be reversed and the motion denied.

WILLIAMS, P. J., BASTOW, HALPERN, McCLUSKY and HENRY, JJ., concur.

Order unanimously reversed, without costs of this appeal to either party and motion denied, without costs.