THE DOMINION OF CANADA GENERAL INSURANCE COMPANY, Appellant, *v.* WILLIAM M. PIERSON, Respondent.

Third Department, May 31, 1967

*O'Connell & Wolfe* (*Louis E. Wolfe* of counsel), for appellant.

*Bower, O'Connor & Taylor* (*John Gardner* of counsel), for respondent.

STALEY, JR., J. The plaintiff appeals from an order of the Supreme Court, County of Clinton entered on the 29th day of November, 1966, granting defendant's motion to dismiss the complaint.

On or about the 5th day of March, 1963, William G. DeBelle and his wife were injured in an automobile accident on Route 22 in Clinton County, New York. The plaintiff paid their medical and hospital expenses in the amount of $2,487.65 and, as their subrogee, sought to commence an action against the defendant, the owner and driver of the automobile, involved in the accident.

On or about the 23d day of February, 1966, the plaintiff's attorneys, pursuant to CPLR 203 (subd. [b], par. 4), delivered a summons returnable in the Supreme Court, Clinton County to the Sheriff in Clinton County directing "that the same be served upon William M. Pierson, Jenkins Street, Peru, New York," that being his address as listed on a police report of the accident. The Sheriff was unable to effect service since the defendant was no longer a resident in Peru, New York. Thereafter, and on or about the 22d day of April, 1966, service was made upon the Secretary of State pursuant to the provisions of sections 253 and 254 of the Vehicle and Traffic Law. On April 21, the plaintiff's attorneys mailed a copy of the summons and complaint to the defendant, registered mail return receipt requested, at his last known address, being Jenkins Street, Peru, New York. Plaintiff's attorneys thereafter ascertained that the defendant had moved to the State of Oregon in the month of February, 1964, and, on May 23, 1966, mailed a second set of papers to the defendant pursuant to the provisions of sections 253 and 254 of the Vehicle and Traffic Law. Proof of service was filed in the Clinton County Clerk's office on the 6th day of June, 1966.

Notice of motion to dismiss the complaint was dated July 22, 1966. The defendant thereafter moved, pursuant to CPLR 3211, to dismiss the complaint on the ground that "the action was not timely brought within the statute of limitations covering the plaintiff's cause of action." Special Term granted the motion and dismissed the complaint on the basis that the plaintiff's papers were not "forthwith" mailed to the defendant

as required by sections 253 and 254 of the Vehicle and Traffic Law, and apparently on the further basis that, although the defendant did not move to dismiss the complaint upon the ground that the court had no jurisdiction of the person of the defendant because of the incorrect mailing, this defense remained available to the defendant by way of defense in his answer by reason of the 1964 amendment of CPLR 320 (subd. [b]), effective September 1, 1964.

CPLR 320 (subd. [b]) provides as follows: "(b) When appearance confers personal jurisdiction, generally. Subject to the provisions of subdivision (c), an appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 is asserted by motion or in the answer as provided in rule 3211."

CPLR 3211 provides as follows:

"(a) Motion to dismiss cause of action. A party may move for judgment dismissing one or more causes of action asserted against him on the ground that: * * *

"5. The cause of action may not be maintained because of * * * statute of limitations. * * *

"8. The court has not jurisdiction of the person of the defendant * * *.

"(e) * * * An objection based upon a ground specified in paragraphs eight or nine of subdivision (a) is waived if a party moves on any of the grounds set forth in subdivision (a) without raising such objection or if, having made no objections under subdivision (a), he does not raise such objection in the responsive pleading."

The above sentence from CPLR 3211 (subd. [e]) is in the disjunctive and an objection, under paragraph 8 of subdivision (a), that the court has no jurisdiction of the person of the defendant may be raised by way of answer only where the defendant has not moved on any of the other grounds set forth in subdivision (a).

The defendant's motion to dismiss is made on the ground that the action was not timely brought within the Statute of Limitations. The service of the summons and complaint upon the Secretary of State on April 22, 1966 tolled the statutory period of limitation for the commencement of the action. (*Glines* v. *Muszynski*, 15 A D 2d 435.)

The defendant, having moved under paragraph 5 of subdivision (a) without raising the objection under paragraph 8, the defendant waived his right of objection as to jurisdiction of the person. The defendant, therefore, must be deemed to have

generally appeared in the action and waived any objection he had with regard to noncompliance with the provisions of sections 253 and 254 of the Vehicle and Traffic Law.

The order should be reversed, on the law and the facts, and the motion denied.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur.

Order reversed, on the law and the facts, and motion denied, with costs.