■ FAWZY S. SADEK et al., Respondents, v. JOHN D. STEWART et al., Appellants. (Action No. 1.) FREDERICK F. S. SADEK et al., Infants, by Their Parents and Natural Guardian, FAWZY S. SADEK, et al., Respondents, v. JOHN D. STEWART et al., Appellants. (Action No. 2.) — Appeal from an order of Supreme Court at Special Term, entered in Essex County, which granted respondents' motion to dismiss the affirmative defense of the Statute of Limitations contained in appellants' answers. The respondents were injured in an automobile collision occurring May 3, 1967 in Essex County, New York when the automobile owned and operated by respondent Fawzy Sadek was in a collision with an automobile owned by appellant Nisbet, a resident of the

Province of Quebec and operated by appellant Stewart, a resident of the Province of British Columbia. The other respondents were passengers in the Sadek automobile. Respondents attempted to make service on the defendants pursuant to section 253 of the Vehicle and Traffic Law by serving the Secretary of State May 1, 1970 and by mailing the appropriate papers to the appellants by registered mail. The mail for both appellants was returned stamped " unknown" and despite other attempts to complete service, no mailing was ever completed. On June 8, 1970 an order was signed by Special Term which provided, by means sufficient under the rule of *Dobkin* v. *Chapman* (21 N Y 2d 490), for substituted service on the defendants under CPLR 308 (subd. 5). The appellants answered July 8 and raised the affirmative defense of the Statute of Limitations. Respondents moved to strike the defense and the motion was granted. The appellants have appeared and we are not concerned with jurisdictional questions. (Cf. *Bauman* v. *Fischer,* 12 A D 2d 32; *Howland* v. *Girogetti,* 12 A D 2d 953.) The only issue is whether the Statute of Limitations was tolled until jurisdiction was acquired. We agree with Special Term that it was. Although appellants were nonresidents, the Statute of Limitations continued to run in their favor because they were amenable to process in the State of New York. (CPLR 207.) The period of limitations was tolled, however, by service of the summons upon the Secretary of State May 1. (*Canada Gen. Ins. Co.* v. *Pierson,* 27 A D 2d 484; *Glines* v. *Muszynski,* 15 A D 2d 435.) Order affirmed, with costs to respondents. Herlihy, P. J., Reynolds, Greenblott, Sweeney and Simons, JJ., concur.