Jones, J.
We hold that when statutory authorization exists for obtaining personal jurisdiction by some manner other than personal delivery of the summons within the State—here, sections 253 apd 254 of the Vehicle and Traffic Law—the Statute of Limitations is not tolled under CPLR 207 by defendant’s absence from the State, even though plaintiff may in fact be unsuccessful in obtaining jurisdiction by the manner so provided. Further, uncompleted service under the Vehicle and Traffic Law sections on the Secretary of State, successfully *517 challenged by defendant for lack of personal jurisdiction, does not stop the running of the limitation period.
The present action stems from an automobile accident that occurred on November 24, 1968 in Nassau County. Although defendant was a resident of New York at the time of the accident, in November, 1970 he left the State on the vessel Moonmist and traveled to the State of Florida where he resided on the vessel, moored at a North Miami Beach marina, until February, 1971, when he moved to an apartment at 3586 North West 43rd Street, Miami, where he remained until the following February. Other than for a brief visit to New York in February, 1972, defendant never returned to this State until January, 1974, when he took up the residence he has since maintained with his father at Port Washington.
Plaintiff made several attempts to secure jurisdiction over defendant for a personal injury action. On September 29, 1971, pursuant to the provisions of sections 253 and 254 of the Vehicle and Traffic Law, he sent the summons and complaint to the New York Secretary of State and mailed copies by registered mail, return receipt requested, to defendant at the North Miami Beach marina. Because defendant had left the Moonmist seven months earlier, the envelope addressed to him was returned marked "Return to sender, Not here. Unknown”. On November 22, 1971 plaintiff again sought to obtain jurisdiction by resort to the Vehicle and Traffic Law provisions, this time addressing copies of the papers mailed to the Secretary of State to defendant at "3586 North West 41st Street, Miami, Florida”. This latter mailing was returned by the Postal Service marked "addressee unknown”, for, as noted, defendant resided on 43rd Street, not 41st Street, in Miami.
When, on May 15, 1974, plaintiff moved for default judgment on the basis of defendant’s failure to respond to the service purportedly made in compliance with the Vehicle and Traffic Law provisions in 1971, defendant successfully cross-moved for dismissal of the action for lack of personal jurisdiction on the ground that that service on him was never completed. No appeal was ever taken from the dismissal of this first action for want of personal jurisdiction.
While these cross motions were pending, on July 9, 1974 a summons and complaint were personally served on defendant at his then New York residence. Defendant then moved for summary judgment dismissing the second action, predicated *518 on the service within the State on July 9, 1974, on the ground that it was time-barred. The denial of that motion by Special Term was affirmed at the Appellate Division, which then granted leave to appeal to our court, certifying a question whether its order of affirmance was properly made. We conclude that the dispositions by the courts below were erroneous and that defendant is entitled to summary judgment dismissing the present action.
CPLR 207, on which plaintiff relies for his claims of tolling of the three-year Statute of Limitations otherwise applicable here and of the timeliness of the present action, contains a provision by which the section—which tolls the Statute of Limitations during substantial absence of the defendant from the State—is made inapplicable "while jurisdiction over the person of the defendant can be obtained without personal delivery of the summons to him within the state” (subd 3). The present case comes squarely within this language, with the result that the benefit of the statutory toll is not available to plaintiff.
At least two methods of obtaining personal jurisdiction over this defendant, without personal delivery of process within the State, were available to plaintiff. Because the alleged negligence of defendant in the operation of a motor vehicle was a tortious act committed within the State, personal jurisdiction could have been acquired under CPLR 313 and 302 by service in Florida, after defendant had transferred his residence there, in any manner in which service can be made in this State. Alternatively, plaintiff could have elected—as he did— to pursue the method of service provided by the Vehicle and Traffic Law for claims arising from automobile accidents occurring in this State. The fact that plaintiff’s investigation was not adequate to uncover defendant’s correct addresses made means and methods of out-of-State service no less available to plaintiff for the purpose of CPLR 207 (subd 3).
It has been suggested that the words "jurisdiction over the person * * * can be obtained” in CPLR 207 (subd 3) should be read as contemplating effective service in fact (or at least a substantial practical expectation that service can be effected), rather than merely the availability of an authorized method of service by which personal jurisdiction could be obtained. We reject what appears to us to be the too narrow reading of the statutory language implicit in this suggestion. The only conclusive test, of course, as to whether jurisdiction could be *519 obtained in the operational sense would be whether in fact it had been obtained in the particular instance. Had that been the legislative intent subdivision 3 would have been purposeless; tolling of a Statute of Limitations in that sense always occurs when jurisdiction is obtained. The broader, literal interpretation requiring only the availability of an authorized method of service comports with the treatment accorded resident defendants and conforms to policy considerations. As a matter of principle, considering the availability and practicality of long-arm jurisdiction, we see no reason to differentiate among resident, nonresident and former resident defendants. In general it is not significantly more difficult (if indeed it is more difficult at all) to locate persons residing outside the State of New York than those within its borders.
Accordingly, we are in agreement to the extent indicated with the position taken in Goodemote v McClain (40 AD2d 22), but rejected by Special Term and the Appellate Division in this case, that the availability of statutory methods of acquiring personal jurisdiction other than by personal delivery within the State makes inapplicable the tolling provisions of CPLR 207.
Both courts below proceeded further to state that under Sadek v Stewart (38 AD2d 655) and related cases service by mailing process to the Secretary of State on September 29, 1971 tolled the running of the Statute of Limitations. We do not question the holding in Sadek, but conclude that the proposition for which that case and its precedential forerunners stand is not applicable to the case now before us. Under the Sadek principle the Statute of Limitations will not operate to bar a plaintiff’s claim if the first step in the two-step method of service prescribed by the Vehicle and Traffic Law has been taken within the limitation period, ant/—this is the critical element not present in the case before us—following the "incomplete” first step the defendant thereafter submits to the jurisdiction of the court, thereby foreclosing a claim that no jurisdiction was obtained because the "service” within the statutory period was incomplete. Thus in Sadek the accident occurred on May 3, 1967; on May 1, 1970 service by mail was made on the Secretary of State under section 253 of the Vehicle and Traffic Law; mail service on the defendant was returned marked "Unknown”. On June 8, 1970, however, the defendant appeared in the action and raised the issue of the Statute of Limitations but did not question the jurisdiction of *520 the court. The court wrote, "The appellants have appeared and we are not concerned with jurisdictional questions” (38 AD2d, at p 656) (citing Canada Gen. Ins. Co. v Pierson, 27 AD2d 484; Glines v Muszynski, 15 AD2d 435).
In Canada Gen. Ins. Co., the accident occurred on March 5, 1963; the summons and complaint were delivered to the Sheriff on February 23, 1966; service was made under section 254 of the Vehicle and Traffic Law by mail on the Secretary of State on April 22, 1966; mail to the defendant in Oregon was returned undelivered. The defendant later appeared in the action and raised the limitations issue but, as in Sadek, made no motion to dismiss for lack of jurisdiction. The court, referring to CPLR 3211, wrote: "The defendant, having moved under paragraph 5 of subdivision (a) [Statute of Limitations] without raising the objection under paragraph 8 [lack of personal jurisdiction], the defendant waived his right of objection as to jurisdiction of the person. The defendant, therefore, must be deemed to have generally appeared in the action and waived any objection he had with regard to noncompliance with the provisions of sections 253 and 254 of the Vehicle and Traffic Law.” (27 AD2d, at pp 486-487.)
Earlier there had been a similar holding in Glines. In that case the accident had occurred on May 18, 1957; the defendant was served under then sections 52 and 52-a (predecessors of present §§ 253, 254) by mail to the Secretary of State on February 24, 1960; service was attempted to be made on the defendant by mail in California on September 28, 1960. Again, however, the defendant appeared generally in the action and raised only the Statute of Limitations. Objections to the effectiveness of the service were held to have been waived by the general appearance.
By critical contrast the procedural situation in the case now before us was significantly different. Here the date of the accident was November 24, 1968. Service by mail was made on the Secretary of State on September 29, 1971 and again on November 22, 1971. Mail addressed to defendant was returned undelivered. In May, 1974 plaintiff moved for default judgment. Defendant then cross-moved to dismiss for lack of jurisdiction. That motion was granted on July 19, 1974, and no appeal was ever taken. Thus, the original action predicated on the 1971 service under the Vehicle and Traffic Law came to an end.
In the meantime personal service in the present, second *521 action was effected on defendant in New York State on July 9, 1974. In this latter action defendant moved for summary judgment on the ground that plaintiff’s claim was then barred by the three-year Statute of Limitations. It is our conclusion that this motion should have been granted. Because there were available authorized methods of service by which personal jurisdiction could have been obtained over the defendant while a nonresident, the Statute of Limitations was not tolled (CPLR 207, subd 3). Then, because he had not submitted to the jurisdiction of the court, as had the defendants in Sadek, Canada Gen. Ins. Co. and Glines, he was not precluded from successfully challenging the sufficiency of the attempted service under the Vehicle and Traffic Law in the original action.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to Supreme Court, Suffolk County, for the entry of summary judgment dismissing the complaint.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
Order reversed, with costs, and the case remitted to Supreme Court, Suffolk County, for the entry of summary judgment dismissing the complaint. Question certified answered in the negative.