Abdallah W. TAMARI, Ludwig W. Tamari, and Farah Tamari, copartners, doing business as Wahbe Tamari & Sons Co., Plaintiffs,

v.

BACHE & CO. (LEBANON) S. A. L., a Lebanese Corporation, Defendants.

No. 75 C 4189.

United States District Court, N. D. Illinois, E. D.

May 17, 1977.

Robert P. Howington, Jr. and Donald C. Shine of Howington, Elworth & Osswald, Chicago, Ill., for plaintiffs.

N. A. Giambalvo, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

GRADY, District Judge.

This cause is before the court on defendant's motion to quash service of summons and to dismiss the action for want of jurisdiction over the person of Bache & Co. (Lebanon) S.A.L. ("Bache Lebanon"). Because plaintiffs have alleged sufficient contacts on the part of Bache Lebanon with Illinois, we deny the motion to dismiss.

 The allegations of plaintiffs' complaint are sufficient to establish a prima facie case of personal jurisdiction over Bache Lebanon. Plaintiffs allege that Bache Lebanon solicited and accepted commodities orders on the plaintiffs' behalf and transmitted such orders from Lebanon to Chicago for execution by Bache & Co., Inc.

("Bache Delaware") on Chicago commodities exchanges. It is alleged that such orders were transmitted from Bache Lebanon to Chicago for execution on a continuing basis.[1] We find that this continuing activity in Illinois by Bache Lebanon constitutes the transaction of business under Ill.Rev. Stat. ch. 110, § 17(1)(a). By engaging in a regular practice of transmitting commodity orders for execution on the Chicago exchanges, defendant can be said to have invoked the benefits and protections of Illinois law. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *Honeywell, Inc. v. Metz Apparatewerke,* 509 F.2d 1137, 1144 (7th Cir. 1975). Thus, the requirements of due process are met; and "the maintenance of the suit does not offend 'the traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 159, 90 L.Ed. 95 (1945).

■ The cases [2] cited by defendant for the proposition that the execution of orders on Illinois contract markets is insufficient to obtain jurisdiction under the Illinois long-arm statute are clearly distinguishable. All of those cases involved attempts by Illinois plaintiff brokers to obtain jurisdiction over nonresident customers by virtue of orders placed on Chicago exchanges by the brokers for those customers. Clearly a plaintiff cannot unilaterally create jurisdiction over a nonresident defendant. The jurisdictional acts must be performed by the defendant. In the cases cited, the defendant customers did not themselves engage in any business in Illinois, but rather they merely accepted the services of the plaintiff brokers. *See Geldermann & Co., Inc. v. Dussault,* 384 F.Supp. 566, 574 (N.D. Ill.1974). In the instant case, the jurisdictional acts alleged were performed by the defendant Bache Lebanon. It is of course irrelevant that neither party is a resident of Illinois. The only requirement is that the court have jurisdiction over the subject matter and the parties. *Scovill Manufacturing Co. v. Dateline Electric Co.,* 461 F.2d 897, 900 (7th Cir. 1972).

Since we have found that defendant has sufficient contacts with Illinois to satisfy the requirements of personal jurisdiction, defendant's motion to dismiss is denied.

Defendant's attacks on the service of process are wholly without merit. As shown by the affidavits of Antoine Boukather, the court appointed process server, service was effected on Emile Reyes in Paris on December 7, 1976. Any confusion in the identity of the process server is resolved by Boukather's affidavit of January 21, 1977, in which he attests to the fact that the translation of his name from Arabic into English could be interpreted as Antoine Abu-Khater as well as Antoine Boukather.

■ We do not agree with defendant's contention that process was not served in accord with the provisions of the "Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters." 20 U.S.T. 361–367 (1969). It is clear from the preamble of the Convention that the treaty was meant to simplify service of process abroad so as to ensure that documents are brought to the notice of the addressee in sufficient time. It is true that the treaty sets out a method of service through a "Central Authority" in the signatory country. However, as noted by a California court:

> If it be assumed that the purpose of the convention is to establish one method to avoid the difficulties and controversy attendant to the use of other methods . . . it does not necessarily follow that other methods may not be used if effective proof of delivery can be made.

---

1. These allegations are contested by the defendant. However, for purposes of this motion we must resolve any factual conflicts in plaintiffs' favor. *O'Hare International Bank v. Hampton,* 437 F.2d 1173 (7th Cir. 1971).

2. *Geldermann & Co., Inc. v. Dussault,* 384 F.Supp. 566 (N.D.Ill.1974); *Heinhold Commodities, Inc. v. Simmons, et al.,* Civil No. 74 C 1759 (N.D.Ill., Sept. 13, 1974); *Rosenthal & Co. v. Dodick,* 365 F.Supp. 847 (N.D.Ill.1973). *See also, Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Alexiou,* 397 F.Supp. 1292 (S.D.N.Y. 1975).

*Shoei Kako Co., Ltd. v. Superior Court, San Francisco,* 33 Cal.App.3d 808, 821, 109 Cal. Rptr. 402, 411 (1973).

Service in this case would appear to fall within the provisions of Article 10(b), which provides that the Convention shall not interfere with "the freedom of judicial officers . . . of the State of origin to effect service of judicial documents directly through . . . competent persons of the State of destination." Antoine Boukather, the court appointed process server, would seem to meet the requirements of this Article. Further, Article 5 provides that "unless [it] is incompatible with the law of the State addressed . . . the document may always be served by delivery to an addressee who accepts it voluntarily." There is no indication that Emile Reyes did not accept process when it was served on him by Boukather, and no indication that France does not permit personal service of process. Accordingly, process appears to comply with the provisions of Article 5 as well. The fact that process was actually served and defendant was notified of suit satisfies the due process requirement of notice and complies with Article 15 of the Convention, the equivalent of "our national due process concept." *Shoei Kako Co., Ltd., supra,* 109 Cal.Rptr. at 410. Finally, we are persuaded by the reasoning of the California court in finding that the treaty was not meant to abrogate the provisions of Rule 4, as evidenced by the fact that there has been no change in the provisions of the Rule since the treaty became effective. *Shoei Kako Co., Ltd., supra,* 109 Cal.Rptr. at 412.

Accordingly, defendant Bache Lebanon's motion to quash service of summons and to dismiss for lack of personal jurisdiction is denied. Defendant Bache Lebanon in given 15 days to answer the complaint.