SUE M. REYNOLDS et al., Appellants, v WOOSUP KOH et al., Defendants, and NISSAN MOTOR COMPANY, LTD., Respondent.

Third Department, June 13, 1985

APPEARANCES OF COUNSEL

*Wiggins, Holmberg, Galbraith & Holmberg* (*Paul D. Bennett* and *Anna K. Holmberg* of counsel), for appellants.

*Harter, Secrest & Emery* (*Anthony R. Palermo* and *A. Paul Britton* of counsel), for respondent.

### OPINION OF THE COURT

MAIN, J.

After plaintiff Sue M. Reynolds was severely injured in an August 23, 1983 auto accident in Tompkins County, she and her husband commenced this action against several defendants, including Nissan Motor Company, Ltd. (Nissan), which had manufactured the automobile that plaintiffs were driving. Nissan is a Japanese entity with its principal place of business in Tokyo, Japan, and is not authorized to transact business in this State. Plaintiffs served Nissan with an amended summons and complaint by registered mail, return receipt requested, and delivered a copy to the New York Secretary of State pursuant to Business Corporation Law § 307. Nissan does not dispute that it received the amended summons and complaint, but moved to dismiss for lack of personal jurisdiction due to improper service of process. Nissan contended that although service comported with the requirements of Business Corporation Law § 307, service was ineffective due to plaintiffs' failure to serve through the Japanese Minister for Foreign Affairs as required by an international treaty known as the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, commonly referred to as the Hague Convention (20 UST 361, TIAS 6638, reprinted in Fed Rules Civ Pro, rule 4 [28 USCA, at 87, 97, n 12 (3) (1985 Pocket Part)]). Special Term granted Nissan's motion dismissing the complaint as against it and plaintiffs' appeal followed.

■ The Hague Convention is designed "to simplify service of process abroad so as to ensure that documents are brought to the notice of the addressee in sufficient time" (*Tamari v Bache & Co.,* 431 F Supp 1226, 1228, *affd* 565 F2d 1194, *cert denied* 435 US 905). It allows signatory nations to ratify subject to conditions or objections (Hague Convention art 21). The Hague Convention article 10 provides:

"Provided the State of destination does not object, the present Convention shall not interfere with —

"(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

"(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

"(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the

judicial officers, officials or other competent persons of the State of destination".

Japan objected "to the use of the methods of service referred to in subparagraphs (b) and (c) of article 10", but not to the provisions of article 10 (a) (Hague Convention, reprinted in Fed Rules Civ Pro, rule 4 [28 USCA, at 97, n 12 (4) (1985 Pocket Part)]). Plaintiffs contend that they sent the amended summons and complaint by postal channels directly to Nissan and, therefore, pursuant to article 10 (a), service was properly made. Nissan argues that service by postal channels cannot be accomplished under article 10 (a). Plaintiffs' position is supported by *Chrysler Corp. v General Motors Corp.* (589 F Supp 1182) and *Shoei Kako Co. v Superior Ct.* (33 Cal App 3d 808, 109 Cal Rptr 402), whereas Nissan's position is supported by *Ordmandy v Lynn* (122 Misc 2d 954). Recognizing that these cases reach different results concerning the effect of article 10 (a), we have reviewed these cases and considered the proper interpretation to be given to article 10 (a). Our conclusion is that service by postal channels cannot be permitted under article 10 (a).

In *Shoei* (*supra*), upon which *Chrysler* (*supra*) relies, the court considered the Hague Convention as a whole and concluded that because it dealt with the service abroad of judicial documents, "[t]he reference to 'the freedom to send judicial documents by postal channels, directly to persons abroad' would be superfluous unless it was related to the sending of such documents for the purpose of service" (*Shoei Kako Co. v Superior Ct., supra,* p 821, p 411). Thus, article 10 (a) was found to allow effective service of a summons on a Japanese corporation by mailing the summons to the headquarters of the corporation in Japan. To the contrary, the court in *Ordmandy* construed "send" as used in article 10 (a) not to include service of process in the legal sense because such a construction "would vitiate the fundamental intent of the parties [to the Hague Convention] to establish more formal modes of service" (*Ordmandy v Lynn, supra,* p 955).

We are persuaded that the interpretation by the court in *Ordmandy* is correct. That article 10 (a) refers to "send", whereas the Hague Convention repeatedly refers to "service" of documents, indicates to us that article 10 (a) was meant to authorize something other than "service" in the legal sense, such as the mere transmittal of notices and legal documents which need not be "served" in the legal sense. To hold otherwise would relegate the role of the Japanese Minister for Foreign Affairs in a way that seems to us contrary to the import of the Hague Convention. Accordingly, we are of the view that the

mere sending of the amended summons and complaint to Nissan in Japan did not satisfy the service requirements of the Hague Convention so as to gain jurisdiction over Nissan.

■ Also contrary to plaintiffs' argument, the Hague Convention article 5 fails to provide a basis for jurisdiction over Nissan. This article, in pertinent part, provides:

"The [Japanese Minister for Foreign Affairs] shall itself serve the document or shall arrange to have it served by an appropriate agency, either —

"(a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or

"(b) by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.

"Subject to sub-paragraph (b) of the first paragraph of this article, the document may always be served by delivery to an addressee who accepts it voluntarily".

Plaintiffs never requested the Japanese Minister for Foreign Affairs to permit service in accordance with Business Corporation Law § 307. Furthermore, the law of Japan is apparently incompatible with the law of New York, which provides for direct service by one litigant upon another, because under Japanese law, service is the court's responsibility (*see,* Minji sosho ho [Code of Civil Procedure], Law No. 29 of 1890, art 160 *et seq.* [Japan]). Thus, the voluntary acceptance by Nissan of the amended summons and complaint was not in accordance with article 5 (b) and cannot be countenanced. For all the reasons expressed, we are unpersuaded by plaintiffs' reliance on *Tamari v Bache & Co.* (431 F Supp 1226, *supra*) for the proposition that methods of service other than those using the Japanese Minister for Foreign Affairs are permitted. We further note that *Tamari* relied on *Shoei (supra),* which we have not followed.

In sum, we adopt the rule deduced in *Ordmandy (supra),* for it appears to us most consistent with the intent and design of the Hague Convention. Accordingly, plaintiffs' reliance on Business Corporation Law § 307 for the method of service on Nissan was insufficient to gain personal jurisdiction over Nissan, thereby requiring affirmance of Special Term's order granting Nissan's motion to dismiss for lack of personal jurisdiction.

KANE, J. P., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order affirmed, without costs.