Jacqueline G. Russell, Respondent, v Arthur Trask Company, Respondent, and Cartigliano Company, Appellant. (And a Third-Party Action.)

Third Department, March 5, 1987

APPEARANCES OF COUNSEL

*Vincent E. Vicinanzo* for appellant.

*Horigan, Horigan, Pennock & Lombardo (James A. Lombardo* of counsel), for Jacqueline G. Russell, respondent.

*Maynard, O'Connor & Smith (Robin Bartlett Phelan* of counsel), for Arthur Trask Company, respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

Plaintiff was employed by Crescent Leather Finishing Company when, on November 3, 1981, she was injured while operating a machine in the course of her employment. The machine was manufactured by defendant Cartigliano Company and was sold to the employer by defendant Arthur Trask Company. Plaintiff commenced this action against Cartigliano and Trask alleging negligence, strict products liability and breach of warranty. Cartigliano is an Italian corporation which is not licensed to do business in New York. Plaintiff, attempting service pursuant to Business Corporation Law § 307, served the Secretary of State on May 30, 1984. Plaintiff sent the pleadings to Cartigliano by registered mail on March 5, 1985 and filed an affidavit of compliance with the County Clerk on April 15, 1985.

Cartigliano did not respond until it moved, on January 7, 1986, to dismiss the complaint as against it on the ground of the Statute of Limitations. Following service of opposing papers, but before the motion was heard, Cartigliano served a supplemental affidavit raising personal jurisdiction as an additional ground for dismissal of the complaint. Supreme Court denied the motion, holding that Cartigliano waived its objection based on personal jurisdiction and rejecting the Statute of Limitations objection. Cartigliano appeals.

Initially, we must determine whether Cartigliano waived its objection to personal jurisdiction. An objection to personal jurisdiction may be raised by way of a motion to dismiss the complaint (CPLR 3211 [a] [8]). Only one such motion may be made (CPLR 3211 [e]), and an objection to personal jurisdiction is waived if a party moves to dismiss pursuant to CPLR 3211 (a) and fails to raise such objection (CPLR 3211 [e]; *Competello v Giordano,* 51 NY2d 904, 905). Here, Cartigliano moved to dismiss on Statute of Limitations grounds (CPLR 3211 [a] [5]) and did not raise personal jurisdiction. This court has held that a defendant who moves to dismiss pursuant to CPLR 3211 (a) (5) without raising an objection to personal jurisdiction waives the latter objection (*Dominion of Canada Gen. Ins. Co. v Pierson,* 27 AD2d 484, 486-487). However, in the instant case, unlike in *Dominion,* Cartigliano served supplemental papers raising its objection to personal jurisdiction prior to the hearing of the motion. We are aware that a motion is "made" when the notice thereof is served (CPLR 3211). However, a court has the right to permit a mistake, omission, defect or irregularity to be corrected (CPLR 2001). Certainly, the latter statute would give a court the authority to allow a moving party, in general, to file supplemental papers prior to the hearing of the motion raising an additional ground for the relief sought. In our view, the strict waiver provision of CPLR 3211 (e) should not be read as preventing the court from exercising its discretion and allowing a defendant who moves to dismiss pursuant to CPLR 3211 (a) to amend his motion papers prior to the determination of the motion to include an objection to personal jurisdiction.

This is not to say that a defendant may so amend his papers as a matter of right. Such relief rests in the discretion of the court and such matters as delay and prejudice to other parties are factors to be considered. In the instant case, plaintiff and Trask were put on notice prior to the hearing of the motion of Cartigliano's objection to personal jurisdiction. Indeed, even

the original motion papers, while not specifically objecting to personal jurisdiction, raised the facts upon which such objection was based. In our view, Cartigliano did not unduly delay raising its objection to personal jurisdiction. Further, since the other parties had sufficient opportunity to respond to such objection, they were not prejudiced by Cartigliano's belated raising of the issue. Thus, it was an abuse of discretion for Supreme Court to decline to entertain Cartigliano's objection to personal jurisdiction.

■ Turning to the merits of the personal jurisdiction issue, Cartigliano contends that, because Italy is a signatory to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, an international treaty commonly known as the Hague Convention (reprinted in Fed Rules Civ Pro, rule 4 [in 28 USCA 1986 Pocket Part, at 92-105), service on it pursuant to Business Corporation Law § 307 was ineffectual. Cartigliano relies on a recent decision of this court *(Reynolds v Woosup Koh,* 109 AD2d 97) for support. However, *Reynolds* involved a Japanese corporation, and Japan, while a signatory to the Hague Convention, had objected to certain methods of service contained therein. In the instant case, it is not apparent from the record whether Italy made any objections to the Hague Convention which would affect the method of service on its citizens or corporations. Thus, the matter must be remitted to Supreme Court for further development of the record and resubmission of the motion.

Since we are remitting the matter, we do not now pass on Cartigliano's objection based on the Statute of Limitations.

KANE, CASEY, WEISS and YESAWICH, JR., JJ., concur.

Order reversed, on the law, without costs, and matter remitted to Supreme Court for further proceedings not inconsistent herewith.