**Joseph C. SINGER, Individually and as Administrator of the Estate of Audrey M. Singer, Plaintiff,**

v.

**The BLACK & DECKER MANUFACTURING COMPANY, Defendant.**

No. CIV–84–1051E.

United States District Court, W.D. New York.

Sept. 2, 1987.

Arthur N. Bailey, Jamestown, N.Y., for plaintiff.

William J. Love, Jr., Buffalo, N.Y., for defendant.

### MEMORANDUM and ORDER

ELFVIN, District Judge.

This is a products liability action commenced in New York's Supreme Court and transferred to this Court. Now presented is the question whether, under section 307 of New York's Business Corporation Law ("BCL"), service of process upon the Secretary of State within the two-year period prescribed by statute for commencing wrongful death actions constitutes effective service of process sufficient to toll the running of the period set forth in the applicable statute of limitations when the defendant is a foreign corporation unauthorized to conduct business in New York and

was not served with process by mail until after the expiration of the period.

Plaintiff Singer, individually and as administrator of the estate of Audrey Singer, brings this action under section 5–4.1 of New York's Estates, Powers, and Trust Law ("EPTL"). He seeks monetary damages for the allegedly wrongful death of Audrey Singer. Pursuant to section 5–4.1, a wrongful death action must be brought within two years after the decedent's death.

The defendant is a foreign corporation, unauthorized to do business in New York. It is incorporated in Maryland and has its principal place of business in that state. The defendant has moved for summary judgment pursuant to Fed.R.Civ.P. rule 56 on the grounds that there are no genuine issues as to any material fact and that the defendant is entitled to summary judgment as a matter of law.

The facts involved in this case are largely not in dispute. On July 22, 1982, at approximately 3:00 p.m., Audrey Singer received an electrical shock while using a Black & Decker electric drill at her home in Ashville, N.Y. Allegedly as a result of this shock of electricity, she died approximately two hours later.

On July 20, 1984 and pursuant to BCL § 307, counsel for the plaintiff caused a summons with notice to be served personally upon the Secretary of State in Albany, N.Y. On August 13, 1984 counsel mailed to the defendant (via registered mail, return receipt requested) copies of the summons, the notice, an "affidavit of service" upon the Secretary and proof of payment of the statutory fee. Upon receiving the return receipt signed by Black & Decker August 21, 1984 and in compliance with BCL § 307, plaintiff's counsel timely filed the required affidavit of compliance, together with the process and the signed return receipt, with the Clerk of Chautauqua County.

The defendant presently alleges that, although the Secretary of State was served prior to the July 22, 1984 expiration of the period of limitations, the plaintiff failed to effectuate timely service of process upon the defendant as process was not mailed to the defendant until August 13, 1984. It contends that, because the service of process was defective, this Court has not acquired jurisdiction over the defendant and the action is now time-barred.

Section 307 provides a method of effectuating service of process on unauthorized foreign corporations which are subject to the jurisdiction of the New York courts. Under this statute, a foreign unauthorized corporation actually doing business in New York is deemed to have designated New York's Secretary of State as its agent for the service of process. The statute reads, in pertinent part:

"(a) In any case in which a non-domiciliary would be subject to the personal or other jurisdiction of the courts of this state under article three of the civil practice law and rules, a foreign corporation not authorized to do business in this state is subject to a like jurisdiction. In any such case, process against such foreign corporation may be served upon the secretary of state as its agent. * * *."

Pursuant to BCL § 307(b) personal service of a copy of process on the Secretary of State is deemed sufficient to invoke jurisdiction of the court if a copy of the process and notice of service upon the Secretary of State are sent by registered mail with return receipt requested by or on behalf of the plaintiff to the foreign corporation.

BCL § 307(c) directs further that, within thirty days of receipt of the return receipt signed by the defendant foreign corporation, proof of service must be established by filing an affidavit of compliance, together with the process and the return receipt signed by the corporation, with the clerk of the court. The statute indicates that service of process shall be complete ten days after the filing of such papers with the court.

The effect of a plaintiff's serving the Secretary of State within the period of limitations yet failing to serve the foreign unauthorized corporation with process by mail during such period has not been determined by any New York court in a reported decision. However, it must be noted at the

outset that BCL § 307 does not explicitly require compliance with the mailing provision before the expiration of the period of limitations in order to complete service of process upon the defendant. The statute merely provides that "[s]uch service shall be sufficient if notice thereof and a copy of the process are * * * (2) Sent by or on behalf of the plaintiff to such foreign corporation by registered mail with return receipt requested * * *." BCL § 307(b).

The defendant urges the court to view as analagous BCL § 307 and section 253.2 of New York's Vehicle and Traffic Law ("VTL") and to apply the holding of *Yarusso v. Arbotowicz*, 41 N.Y.2d 516, 393 N.Y. S.2d 968, 362 N.E.2d 600 (1977) (decided under VTL § 253), to the case at bar. Section 253, the non-resident motorist statute, provides a means of service of process upon a non-resident of New York who is named as a party in an action, *inter alia*, out of his or her operation of a motor vehicle within New York. That statute provides that the non-resident's use or operation of a vehicle in New York is "deemed the equivalent to the appointment by such non-resident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him * * * and such use or operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state * * *." Service is to be accomplished by mailing a copy of the summons to the Secretary of State at his office in Albany or by personal service at one of his other offices. The statute further provides that "such service shall be sufficient service upon such non-resident provided that notice of such service [on the Secretary of State] and a copy of the summons and complaint are forthwith sent by or on behalf of the plaintiff to the defendant by certified mail or registered mail with return receipt requested. * * *."

Section 307 of the BCL, just as VTL § 253, contains an implied designation of the Secretary of State as an agent for the receipt of process and a two-step method of service. The differences between the statutes are minor. Section 253 requires that copies be served "forthwith" upon the defendant whereas section 307 specifies no time frame for such service. Section 253 permits personal or mail service upon the Secretary of State whereas section 307 requires personal service on the Secretary of State. These differences are slight and other distinctions between them are even less worthy of note. The similarity of the statute suggests that section 253 may serve to provide guidance on interpreting section 307.

New York courts in construing section 253 have held that service of the summons and complaint upon the Secretary of State tolls the statutory period of limitations for the commencement of an action where the defendant has submitted to the jurisdiction of the court. *Dominion of Canada General Ins. Co. v. Pierson*, 27 A.D.2d 484, 280 N.Y.S.2d 296, 298 (3rd Dep't 1967) (cited with approval in *Yarusso v. Arbotowicz, supra*); *Sadek v. Stewart*, 38 A.D.2d 655, 327 N.Y.S.2d 271, 272 (1st Dep't 1971) (also cited with approval in *Yarusso v. Arbotowicz, supra*, 41 N.Y.2d at 519, 393 N.Y. S.2d at 971, 362 N.E.2d at 602). In both cited cases, the plaintiffs timely served the Secretary of State but failed to accomplish the second step of the service mechanism as directed by the statute. In both cases the defendant chose to appear generally, thus waiving questions of personal jurisdiction, and asserted that the period of limitations had expired. The courts noted that questions of personal jurisdiction were not presented and held that service upon the Secretary of State had tolled the running of the limitations period.

The court in *Yarusso v. Arbotowicz, supra,* tempered the applicability of finding that service upon the Secretary of State tolled the period of limitations. It stated that

"the Statute of Limitations will not operate to bar a plaintiff's claim if the first step in the two-step method of service prescribed by the Vehicle and Traffic Law has been taken within the limitation

period, *and* \* \* \* following the 'incomplete' first step the defendant thereafter submits to jurisdiction of the court, thereby foreclosing a claim that no jurisdiction was obtained because the 'service' within the statutory period was incomplete." *Id.* at 971, 362 N.E.2d at 602. (Emphasis supplied.)

The import of the language is that, if the Secretary of State is timely served and the defendant is not served within the limitation period and the defendant does not waive questions of personal jurisdiction, the service upon the Secretary does not toll the running of the period of limitations. That is, completion of the two-step mechanism for service is required before the end of the limitation period unless the defendant waives the necessity of accomplishing the second step.

The similarity of VTL § 253 and BCL § 307 persuades this Court that the service mechanism and the effect of failing to accomplish service as directed should be similarly applied. Here, the plaintiff timely served the Secretary of State but failed to serve timely the defendant. The defendant now claims that personal jurisdiction is lacking and that the period of limitation has run thus barring the action. The defendant is correct.

It is hereby ORDERED that the defendant's motion for summary judgment is granted.