OPINION OF THE COURT
Burton S. Sherman, J.
The defendant Chayto, S. A. moves to dismiss the complaint pursuant to CPLR 3211 (8) on the grounds of improper service.
The complaint seeks damages alleging the conversion by three defendants of a diamond necklace in New York. It was previously found that the alleged conversion by the defendants took place in New York and that the defendant Chayto, S. A. was subject to our "long-arm” jurisdiction (CPLR 302).
Defendant Chayto, S. A. is a Swiss corporation with its only office in Geneva. It is not authorized to do business in New York. The summons and complaint were filed with this court on December 24, 1986. Service of the summons and complaint was made upon the Secretary of State of New York on February 23, 1987. Notice of such service and a further copy of the summons and complaint were sent to Chayto in Geneva by registered mail return receipt requested on March 4, 1987. An affidavit of compliance was filed by plaintiff on March 26, 1987.
Business Corporation Law § 307 (a) provides the manner of service upon a foreign corporation not authorized to do business in this State, but, subject to our jurisdiction. Specifically, Business Corporation Law § 307 (b) (2) directs such service to be made upon the Secretary of State of New York, and upon the foreign corporation by registered mail to its last known address. Implicit in this, however, is that under the doctrine of comity of nations, such service to be valid must not violate the sovereignty of a foreign country. This general principle has been recognized by the courts in this State (cf., Rissew v Yamaha Motor Co., 129 AD2d 94; Reynolds v Koh, 109 AD2d 97; Vazquez v Sund Emba, 152 AD2d 389). Whether such service is necessary or valid, however, is for the New York courts. (Volkswagenwerk AG. v Schlunk, 486 US 694, 70, 704; Vazquez v Sund Emba, 152 AD2d 389, 395, supra.)
In the case at bar, this court, again, finds that the transactions involved herein, all transpired in New York, thereby making the defendant Chayto, S. A. subject to our jurisdiction under CPLR 302. However, the court finds that service, while complying with the mandates of Business Corporation Law *885 § 307, did not satisfy the notice requirements of Swiss law. While not a signatory to the Hague Convention, Switzerland has over the centuries, zealously or perhaps overzealously, taken an extreme view of its sovereignty. Service of process or judicial documents on persons residing in Switzerland is a governmental function. Any attempts by foreign entities to obtain jurisdiction over Swiss residents by other means is considered an act which infringes upon Swiss sovereignty. Indeed, any deviation from service of process by the Swiss courts, is a violation of article 271 of the Swiss penal code. While there are no New York State cases directly in point, there is abundant authority for holding that service by registered mail directly to a defendant corporation in Switzerland is invalid. (Aries Ventures v Axa Fin., US Dist Ct, SD NY, Mar. 30, 1990 [No. 2]; R.M.B. Electrostat v Lectra Trading, US Dist Ct, ED Pa, Jan. 20, 1983 [Civ A No. 82-1844]; Hudson v Capital Mgt. Intl., 1982, 1983 Fed Sec L Rep [CCH] ¶ 99,221 [ND Cal 1982]; Vazquez v Sund Emba, 152 AD2d 389, 394, n 3, contra, by way of dicta, FTC v Compagnie Be Saint-Gobain-Pont-A-Moussan, 636 F2d 1300, 1310-1311.) Moreover, in 1961, the Swiss Embassy delivered an aide memoire to the United States Department of State protesting the service of judicial process on Swiss citizens by mail. (Contemporary Practice of the United States Relating to International Law, 56 AM J Inti Law 793, 794 [1962].) The record further reveals that the Swiss Foreign Ministry has filed a formal protest with the State Department because of the service upon defendant Chayto, S. A. by mail in Geneva.
The court finds that the service in this case by registered mail upon Chayto, S. A. in Geneva was a violation of the laws of Switzerland and, therefore, does not confer jurisdiction upon this court. Parenthetically, as guidance for the unwary, it appears that the proper method of service upon a Swiss resident is by letters rogatory (Horlick, A Practical Guide to Service of United States Process Abroad, 14 Intl Law 637, 641). It has also been suggested by the Department of State that such process should be translated into the language of the Swiss canton where the defendant resides. This also might be required to satisfy due process in New York. (See, Julen v *886 Larson, 25 Cal App 3d 325, 328, 101 Cal Rptr 796, 798 [1972].) However, the court makes no finding thereto.
Again, this court holds that the process was not properly made. Accordingly, the motion is granted and the complaint against Chayto, S. A. is dismissed.