■ ALEX MICHAUD, Appellant, v. LEON J. LUSSIER et al., Respondents. — The court at Special Term granted defendants' motion to vacate service of process. The parties were involved in an automobile accident on April 2, 1954. The defendants were residents of the Province of Quebec. On April 1, 1957 plaintiff commenced service of process on the defendants under section 52 of the Vehicle and Traffic Law. The receipts from the Secretary of State and the registered mail return receipts from the various defendants were all in the hands of the attorney for the plaintiff-appellant on or before April 7, 1957. For unexplained reasons the required papers were not filed in the County Clerk's office by plaintiff's attorney within the 30 days required by section 52 of the Vehicle and Traffic Law but were filed on August 17, 1957, more than three months after the time prescribed for filing had elapsed. Defendants appeared specially and moved to vacate service of process on the ground that the plaintiff failed to file the required papers within the time limit set forth in the statute. The court is

unanimously of opinion that the delay in filing papers is not a jurisdictional defect in the service of the process since the manner and time of actual service of the papers followed the prescribed statutory formula. The statute requires the filing of the papers within 30 days, not of the service, but of the receipt of the papers by the plaintiff. Such a receipt of papers by the plaintiff, usually expected to be made in the mails, is an event which would not have a precise relationship to the time of actual service, but which could readily vary according to the promptness of mailing by the official agency upon which service was made and the delivery of mail to the plaintiff. The only statutory consequence of failure to file within the directed 30 days is that the completeness of the service is delayed, i.e., " Service of process shall be complete ten days after such papers are filed ". If, jurisdiction being assumed, the service is to be set aside as a matter of judicial discretion for failure to file the papers within 30 days, it would be usual to expect that such a discretion would rest upon a finding that the defendant has been prejudiced by the failure to file and that the plaintiff would not be prejudiced by the order vacating service. Here there would be grave prejudice to the plaintiff flowing from the failure of his lawyer to file the papers on time; his cause of action would be barred by the Statute of Limitations. No prejudice has been demonstrated to have accrued to defendants from the failure to file; they did not act to their disadvantage on any reliance on the fact the papers were not in the clerk's office on time; the only disadvantage shown is that they lose a technical point the converse of which is that the plaintiff would be barred by the Statute of Limitations. Order reversed and motion denied, with $10 costs and disbursements. Bergan, Gibson and Herlihy, JJ., concur; Reynolds, J., dissents, and votes to affirm the order vacating service herein with the following memorandum, in which Foster, P. J., concurs: On April 1, 1957, a few days before the three-year Statute of Limitations would bar the actions herein, plaintiff commenced service of process under section 52 of the Vehicle and Traffic Law. Although it is conceded that the receipts from the Secretary of State and the registered return receipts from the various defendants were all in the hands of the attorney for the plaintiff-appellant on or before April 7, 1957, they were not filed until August 17, 1957, well over three months after the time prescribed for filing had elapsed. The statute provides for the filing of the papers *within 30 days after their receipt by the plaintiff* and that *" Service of process shall be complete ten days after such papers are filed."* Statutes providing for a form of substituted service are in derogation of the general rule that process must be served personally within the jurisdiction of the court, and consequently, the directions thereof must be strictly construed and complied with. (*Erickson* v. *Macy*, 231 N. Y. 86.) A statement to this effect has been specifically made in regard to section 52 of the Vehicle and Traffic Law (*Vecchione* v. *Palmer*, 249 App. Div. 661). The wording of section 52 of the Vehicle and Traffic Law with regard to filing is clear and unequivocal. It should be observed that all of the acts mandated by the statute are to be performed by the plaintiff. The expressed position of the majority of the court is that the only statutory consequence of failing to file the required papers within 30 days is that the completeness of the service is delayed. This construction of the statute does not seem in accord with the plain intent of the Legislature in enacting this statute. The majority proposes under the discretionary power of section 105 of the Civil Practice Act to excuse the failure of the plaintiff herein (who waited until the three-year Statute of Limitations was about to expire before he started his service under section 52 of the Vehicle and Traffic Law) to follow the plain requirements and mandates of the statute although he was *3 months and 10 days* late in complying with the 30-day filing provision of the statute,

because his action would be barred by the Statute of Limitations. Has any diligence whatever been shown by this plaintiff to entitle him to such action? Shall he be extricated from a predicament caused solely by his own neglect? It might be different if the discretion were invoked where no one would be hurt, but here the action is decisive, at least at this stage, of the entire litigation. What is the effect of this holding upon the practicing bar? How can there be orderly practice under the section in view of this decision. Is time an element to this holding? Suppose instead of the neglect of over three months, it was six months or a year? There is no penalty in the statute itself for failure to file on time. The obvious penalty if the time limit for filing is to have any meaning at all is to vacate the service as was done here at Special Term and compel the plaintiff to start all over again. Does the fact that the statute has run in the meantime forbid the use of this penalty? The effect of the decision herein would mean that the 30-day time limit for filing has no real significance, and that it can be disregarded with impunity. Such would not seem to be the plain intent and purpose of the statute. It would not seem necessary for the defendants to show any prejudice under the circumstances here, however, it is rather obvious that being completely discharged from any possible liability by the vacating of the service of process, the action about to be taken by the majority here would be seriously prejudicial to the defendants. To compel them to now defend the action solely because the plaintiff allowed the Statute of Limitations to run against him by his unexplained and undefended failure to follow the plain and unequivocal mandates of the statute would seem, at least, an improvident exercise of discretion.