■ MORRIS PHILIP, Individually and Doing Business as PHILIP KNITTING MILLS, Respondent, v MONARCH KNITTING MACHINERY CORPORATION et al., Appellants.—Order of the Supreme Court, New York County (Carol E. Huff, J.), entered on July 18, 1990, which denied defendants' motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint as against defendant Fukahara Industrial & Trading Company, Ltd., a Japanese corporation, for lack of personal jurisdiction and granted plaintiff's cross motion to compel disclosure, is unanimously affirmed, with costs and disbursements.

Plaintiff Morris Philip, an inventor with a world-wide reputation in the knitting industry, brought this action in New York State for specific performance and monetary damages arising out of an alleged breach of contract by defendant Fukahara Industrial & Trading Company, Ltd., a Japanese distributor and manufacturing of knitting machinery, and defendant Monarch Knitting Machinery Corporation. Specifically, defendants had entered into an agreement with plaintiff, the inventor of certain knitting machinery, wherein, in exchange for receiving improved knitting technology, they purportedly committed themselves to making royalty payments, as well as constructing and delivering equipment conforming to plaintiff's designs. The contract negotiations, the demonstration of the operability of plaintiff's concepts and the execution of the agreement all occurred in New York. The instant lawsuit was commenced by the service of a summons and complaint upon the New York Secretary of State and sending a notice of service and a copy of the process to Fukahara by registered mail at its principal place of business in Osaka, Japan, in accordance with section 307 of the Business Corporation Law.

Contrary to defendants' contention, we find that the Supreme Court correctly determined that service upon Fukahara was effectuated in compliance with article 10 (a) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention; 20 UST 361), which states in pertinent part that:

"Provided the State of destination does not object, the present Convention shall not interfere with—

"(a) the freedom to send judicial documents, by postal channels, directly to persons abroad". (Reprinted in 28 USCA, Fed Rules Civ Pro rule 4, 1991 Supp Pamph, at 142-158.)

The United States and Japan are both signatories to the Hague Convention, a multilateral treaty which sets forth the

procedures to be followed in accomplishing service of process in other nations. Article 21 authorizes that each signatory thereof shall have the option to ratify its provisions subject to any conditions or objections. In *Low v Bayerische Motoren Werke* (88 AD2d 504, 505), this court held that "Article 10 permits service of process by mail directly to the person abroad provided that the State of designation does not object in its ratification to such service" *(see also, Ackermann v Levine,* 788 F2d 830; *Rissew v Yamaha Motor Co.,* 129 AD2d 94). In that regard, it is undisputed that Japan, in adopting the Convention, only interposed objections to the "use of the methods of service referred to in [subdivisions] (b) and (c) of Article 10" but not to subdivision (a), nor did Japan place any modifications or limitations upon article 10 (a), permitting service by mail. Thus, service of process, which was achieved by registered mail upon Fukahara at its principal place of business in Osaka, Japan, was in conformity with article 10 (a) of the Hague Convention. It should be noted that while defendants initially based their motion to dismiss for lack of personal jurisdiction upon three separate grounds, on appeal the only jurisdictional challenge relates to the one predicated on the Hague Convention.

Finally, there is no substance to defendants' assertion that the Supreme Court erred in requiring Fukahara to appear at a deposition to be conducted in New York State. Defendants have simply failed to show, other than in a conclusory, unsupported manner, that attending such a proceeding would result in financial or other hardship to Fukahara *(see, Kahn v Rodman,* 91 AD2d 910). Moreover, there is no indication that defendants ever timely moved for a protective order in response to plaintiff's motion to compel disclosure *(Blessin v Greenberg,* 89 AD2d 862). Concur—Kupferman, J. P., Sullivan, Carro, Milonas and Smith, JJ.