■ ALBERT L. BARTHOLOMEW et al., Respondents, v GARY M. PADULA et al., Appellants.—Casey, J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered July 9, 1990 in Albany County, which denied defendants' motion to dismiss the complaint.

In this negligence action arising out of a motor vehicle accident that occurred in Albany County on May 18, 1985, plaintiffs made several attempts at serving the summons and complaint upon defendants, who left the State shortly after the accident. The initial attempt occurred in May 1987, when plaintiffs retained a process server to deliver the summons and complaint to defendants at a specified address in Fort Lauderdale, Florida. The papers were returned to plaintiffs with the notation that both defendants had moved, leaving no forwarding address. Plaintiffs next sought to serve defendants in December 1987 by service upon the Secretary of State pursuant to Vehicle and Traffic Law § 253, applicable to defendants pursuant to Vehicle and Traffic Law § 254. The statutorily required notice of service and copies of the summons and complaint were sent by certified mail to defendants at the Fort Lauderdale address where the initial service was attempted. The mailings were returned to plaintiffs with the notation "unclaimed" as to defendant Gary M. Padula and without any explanation as to defendant Mary A. Padula.

Plaintiffs next sought to serve defendants in February 1988 when they retained a process server to deliver the summons and complaint to defendants at a new address in Fort Lauderdale. The papers were returned to plaintiffs by the process server, with the notation "stepson moved on sixth month". In May 1988, plaintiffs again sought to serve defendants by serving a copy of the summons upon the Secretary of State. The notice of service and copies of the summons and complaint were sent by certified mail to defendants at the new Fort Lauderdale address used by the process server in the second unsuccessful attempt at personal service. The papers were returned to plaintiffs with the notation "unclaimed".

Defendants moved to dismiss the summons and complaint on the ground that service had never been perfected because

plaintiffs failed to file with the clerk of the court an affidavit of compliance and the returned envelopes, as required by Vehicle and Traffic Law § 253 (2). In the alternative, defendants argued that even if service is deemed perfected, the action was not commenced within the three-year Statute of Limitations. Focusing on the last of the attempts at service, Supreme Court authorized plaintiffs to file the statutorily required papers nunc pro tunc and concluded that the action had been commenced within the three-year limitations period.

On appeal, defendants do not contend that the May 1988 attempt at service was improper and failed to result in personal jurisdiction over defendants. Rather, defendants' only argument concerning the May 1988 service is that personal jurisdiction was not acquired within the three-year Statute of Limitations because the Secretary of State received the summons on May 19, 1988, one day after the expiration of the Statute of Limitations. Vehicle and Traffic Law § 253 (2) authorizes the service of the summons "by mailing a copy thereof to the secretary of state at his office in the city of Albany". Plaintiffs' notice of mailing states that the summons was mailed to the Secretary of State on May 13, 1988. In these circumstances, we are of the view that Supreme Court correctly rejected defendants' Statute of Limitations argument *(see, Yarusso v Arbotowicz,* 41 NY2d 516, 519-520).

Defendants also contend that the action should be dismissed pursuant to CPLR 3215 (c) because plaintiffs failed to take proceedings for the entry of a judgment within one year of the default. We agree with Supreme Court that the record reveals sufficient cause why the complaint should not be dismissed *(see,* CPLR 3215 [c]).

Order affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Levine and Mercure, JJ., concur.