■ TERRY A. ALBRECHT et al., Respondents, v TODD B. GORDON, Appellant.—Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied defendant's motion to dismiss the complaint upon Statute of Limitations grounds (see, CPLR 3211 [a] [5]). Plaintiffs' mailing of the summons and complaint to the Secretary of State within the three-year limitations period constituted commencement of the action for Statute of Limitations purposes against the nonresident defendant (see, Bartholomew v Padula, 171 AD2d 947; Metcalf v Cowburn, 44 AD2d 650; Glines v Muszynski, 15 AD2d 435). We further conclude that plaintiffs, by mailing a copy of the summons and complaint to defendant by certified mail, return receipt requested, substantially complied with the service-of-process requirements of Vehicle and Traffic Law § 253, thereby acquiring jurisdiction over defendant (see, Genovese v Sanaseverino, 26 Misc 2d 191; see also, Lederman v McLean Trucking Co., 41 AD2d 5). Defendant received the mailing and was fully apprised of the nature of the action commenced against him. Under the circumstances, plaintiffs' failure to include notice of service upon the Secretary of State in that mailing did not constitute a jurisdictional defect. Further, the failure to file the required documents with the County Clerk within the statutory 30-day period did not constitute a jurisdictional defect (Michaud v Lussier, 6 AD2d 746, affd 7 NY2d 934; Hayuk v Hallock, 11 Misc 2d 1086), and Supreme Court properly exercised its discretion in permitting plaintiffs to file such papers nunc pro tunc (see, Bartholomew v Padula, 171 AD2d 947, supra). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Dismiss Complaint.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.