■ RICHARD W. CANTARA, Respondent, v DANIEL PEELER et al., Respondents, and GEORGE BELLO et al., Appellants. (Appeal No. 1.) [701 NYS2d 556] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motions of George Bello, Paul J. James and Paul O'Rourke (defendants) seeking dismissal of the complaint against them for lack of personal jurisdiction. Defendants are Canadian citizens who were involved in a multi-vehicle accident on Route 190 in Erie County. Defendants were properly served by mail pursuant to section 253 of the Vehicle and Traffic Law (*see, Martin v Mieth*, 35 NY2d 414, 415-416; *Gay v Laurent*, 179 AD2d 411; *see also, Sadek v Stewart*, 38 AD2d 655). Jurisdiction was acquired upon the mailing of the summons and complaint by certified mail, return receipt requested (*see, Albrecht v Gordon*, 182 AD2d 1131). We reject defendants' contention that service of process was not in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention) (20 UST 361, TIAS 6638 [1969]). "Article 10 [of the Hague Convention] permits service of process by mail directly to the person abroad provided that the State of designation does not object in its ratification to such service" (*Low v Bayerische Motoren Werke*, 88 AD2d 504, 505; *see, Philip v Monarch Knitting Mach. Corp.*, 169 AD2d 603, 604), and Canada has not objected "to service by postal channels" (Notifications Pursuant to Hague Convention art 21, Canada II [transmission through postal channels], A [acceptance], reprinted in 28 USCA, Fed

Rules Civ Pro, rule 4, 1999 Pocket Part, at 133; *see, Rissew v Yamaha Motor Co.,* 129 AD2d 94, 98). (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Dismiss Pleading.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.