■ MJM ADVERTISING, INC., et al., Appellants-Respondents, v PANASONIC INDUSTRIAL COMPANY, Respondent-Appellant, and WARWICK BAKER O'NEILL, INC., et al., Respondents, et al., Defendant. [741 NYS2d 874] —Order, Supreme Court, New York County (Charles Ramos, J.), entered December 22, 2000, which, in an action by related advertising agencies and one of their former principals against a former client and a competitor advertising agency, insofar as appealed from, granted defendants' motions to dismiss the complaint for failure to state a cause of action insofar as addressed to the causes of action against the client for unjust enrichment and tortious interference with contract and against the competitor for breach of an oral employment contract, and denied such motions insofar as addressed to the causes of action against the client for services rendered by plaintiff MJM Advertising, Inc. from June 15, 1997 to December 31, 1997 and by plaintiff Marshall Jaccoma Mitchell Advertising, Inc. from January 1, 1991 to December 31, 1995 to the extent not barred by the statute of limitations, unanimously modified, on the law, to reinstate the cause of action for unjust enrichment against the client based on the services performed from July 15, 1997 to December 31, 1997 (the third cause of action), and otherwise affirmed, without costs.

The first cause of action, alleging that plaintiff MJM Advertising, Inc. (MJM) performed advertising services for defendant client but was not paid all of the appropriate commissions, states, for pleading purposes, a cause of action in quantum meruit (*see, Bauman Assoc. v H & M Intl. Transp.*, 171 AD2d 479, 484). The second cause of action, alleging that the client required plaintiff Marshall Jaccoma Mitchell Advertising, Inc. (MJMA) to "rebate" a portion of the commissions it earned for services rendered, states a cause of action for breach of the written contract pursuant to which the services were rendered, at least with respect to rebates paid within the six-year statute of limitations, as the motion court ruled. The third cause of action, alleging that the client refused to pay MJM's commissions, states a cause of action for unjust enrichment (*see, Wiener v Lazard Freres & Co.*, 241 AD2d 114, 119). On the other hand, the fourth cause of action, alleging that the client was unjustly enriched by its refusal to pay MJMA's commissions in violation of the written contract alleged in the second cause of action, was properly dismissed because

plaintiffs cannot recover for unjust enrichment while simultaneously alleging the existence of an express contract covering the same subject matter (see, *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388-389). The sixth cause of action, alleging that the competitor terminated the individual plaintiff's employment without cause in violation of an oral contract to employ him for as long as the client remained with the competitor, was properly dismissed as barred by the statute of frauds, where the written contract between the competitor and the client could not be terminated by either party within a year of the making of the alleged oral employment contract (General Obligations Law § 5-701 [a] [1]; see, *Kalfin v United States Olympic Comm.*, 209 AD2d 279, 280). The seventh cause of action, alleging that the client tortiously interfered with such oral employment contract by informing the competitor that the individual plaintiff was guilty of questionable and unethical practices in his dealings with the client, was properly dismissed on the ground that there was no valid contract between the individual plaintiff and the competitor (see, *American Preferred Prescription v Health Mgt.*, 252 AD2d 414, 417). Nor does the seventh cause of action state a cause of action for prima facie tort absent allegations of special damages (see, *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 332). Concur—Williams, P.J., Nardelli, Rosenberger, Marlow and Gonzalez, JJ.