■ ROSSMARY FERNANDEZ, Respondent, v UNIVAN LEASING et al., Appellants. [790 NYS2d 155]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated August 6, 2003, as denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (9) for lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 UST 361, TIAS No. 6638 [1969]) (hereinafter the Hague Convention) is a multilateral treaty designed to simplify the methods for serving process abroad to assure that defendants sued in foreign jurisdictions receive actual and timely notice of suit and to facilitate proof of service abroad (*see Wood v Wood,* 231 AD2d 713 [1996]; *see also Volkswagenwerk AG. v Schlunk,* 486 US 694, 698 [1988]; *Vazquez v Sund Emba AB,* 152 AD2d 389, 392 [1989]; *Rissew v Yamaha Motor Co.,* 129 AD2d 94 [1987]). Contrary to the defendants' contention, service of process was effected upon them in accordance with the Hague Convention. Article 19 of the Hague Convention permits service by any method permitted by the internal laws of the country in which service is being made (*see Eli Lilly & Co. v Roussel Corp.,* 23 F Supp 2d 460, 470 [1998]). In Ontario, Canada, service by mail is a permissible method (*see Wilson v Servier Canada Inc.,* 58 OR3d 753, 757-758 [2002] OJ No. 1002 [Ont Super Ct J, Mar. 18, 2002]; *see also* Ontario Rules of Civ Pro, RRO 1990, Reg 194, § 17.05 [3] [b]; *cf.* Ontario Rules of Civ Pro, RRO 1990, Reg 194, § 16.03 [4]). Moreover, article 10 of the Hague Convention "permits service of process by mail directly to the person abroad provided that the State of designation does not object in its ratification to such service" (*Cantara v Peeler,* 267 AD2d 997, 997 [1999] [internal quotation marks omitted]; *see Ackermann v Levine,* 788 F2d 830, 839 [1986]; *Schiffer v Mazda Motor Corp.,* 192 FRD 335, 337-338 [2000]; *see also Eli Lilly & Co. v Roussel Corp., supra; Rissew v Yamaha Motor Co., supra*). Canada has expressly declined to object "to service by postal channels" (Notifications Pursuant to the Hague Convention art 21, Canada II [transmission through postal channels], A [acceptance], reprinted in Martindale Hubbell International Law Digest at IC-4 [2004 ed]), and its courts have construed article 10 as authorizing the use of postal channels to serve process upon residents of other signatory nations to the Hague Convention that have likewise declined to object to the terms of article 10 (*see Wilson v Servier Canada Inc., supra*).

Thus, the defendants were properly served by mail pursuant to Vehicle and Traffic Law § 253, and the Supreme Court acquired jurisdiction over them upon the mailing of the summons and complaint by international registered mail, return receipt requested (*see Cantara v Peeler, supra; but see Sardanis v Sumitomo Corp.*, 279 AD2d 225, 228-229 [2001]; *Reynolds v Koh*, 109 AD2d 97, 98-100 [1985]).

In light of our determination, the plaintiff's remaining contention has been rendered academic. Santucci, J.P., Luciano, Rivera and Fisher, JJ., concur.