■ GOUIRAN FAMILY TRUST et al., Respondents, v EMILE E. GOUIRAN et al., Appellants. [836 NYS2d 566]—

Order and judgment (one paper), Supreme Court, New York County (Charles E. Ramos, J.), entered July 30, 2002, which, to the extent appealed from as limited by the briefs, vacated on default various confessions of judgment fraudulently executed and filed on behalf of defendant Gouiran with the Richmond County Clerk in an action there (index No. 13862/97), enjoined defendants from, inter alia, instituting any actions in this State without a personal appearance by defendant Gouiran and without first obtaining permission of the court, unanimously affirmed, with costs.

There has been no showing by defendants that French law does not permit service by mail under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 UST 361, TIAS No. 6638 [1965]; cf. *Sardanis v Sumitomo Corp.*, 279 AD2d 225 [2001]). Indeed, the contrary appears to be true (*see Eli Lilly & Co. v Roussel Corp.*, 23 F Supp 2d 460, 473 [D NJ 1998]).

In any event, any challenges to lack of personal jurisdiction were waived pursuant to CPLR 3211 (e), and defendants' default herein was entered more than six months after the acknowledged receipt of the summons by defendant Emile Gouiran in France. Although CPLR 308 (5) provides for special service upon natural persons only, service under CPLR 3211 (e) would have permitted the mailing and service upon the attorneys directed by the court. Thus, service was not improper.

In view of the absolute lack of merit to defendants' contentions that the confessions of judgment were not obtained fraudulently, the court properly declined to vacate the default that had been granted for failure to serve the answer in a timely fashion. The extraordinary directive that Emile Gouiran be personally present to seek permission to file papers in this action or to prosecute a new action in the courts of New York is justified in view of his blatant, decades-long flouting of court orders, his flight from justice, and his perversion of the legal system (*see e.g. Matter of Gouiran v Gouiran*, 271 AD2d 266, 267 [2000]). Concur—Saxe, J.P., Friedman, Marlow, Sullivan and McGuire, JJ.