■ April W. Nicholson et al., Respondents, v Aesthetique, Ltd., et al., Defendants, and Richard E. Brook, Appellant. [898 NYS2d 494]—In an action, inter alia, to recover damages for fraud, the defendant Richard E. Brook appeals (1) from a decision of the Supreme Court, Suffolk County (Whelan, J.), dated January 26, 2009, made after a nonjury trial, and (2), as limited by his brief, from so much of a judgment of the same court entered October 28, 2009, as, upon the decision, is in favor of the plaintiffs and against him in the principal sum of $31,200.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, and the complaint is dismissed insofar as asserted against the defendant Richard E. Brook; and it is further,

Ordered that one bill of costs is awarded to the defendant Richard E. Brook.

In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority "is as broad as that of the trial court" and it may "render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983] [internal quotation marks omitted]). Here, the Supreme Court erroneously awarded damages in favor of the plaintiffs and against the appellant for the fraud cause of action after finding that the plaintiffs had failed to prove any out-of-pocket damages on that cause of action (*see Lama Hold-*

*ing Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Urtz v New York Cent. & Hudson Riv. R.R. Co.*, 202 NY 170, 173 [1911]; *Sardanis v Sumitomo Corp.*, 279 AD2d 225, 230 [2001]; *Dunkin' Donuts v HWT Assoc.*, 181 AD2d 711 [1992]). Since the plaintiffs failed to prove, by clear and convincing evidence, that they suffered any out-of-pocket damages as a consequence of the alleged fraud, the court should have dismissed the complaint insofar as asserted against the appellant.

In light of our determination, the appellant's remaining contentions have been rendered academic. Covello, J.P., Florio, Eng and Chambers, JJ., concur. **[Prior Case History: 22 Misc 3d 1121(A), 2009 NY Slip Op 50209(U).]**