DeGrasse, J. (dissenting in part).
This appeal is from
Supreme Court’s dismissal of plaintiffs claims against defendants Vargas Distribution (VDI) and Arturo Vargas on the ground of lack of personal jurisdiction. Plaintiff also appeals from the court’s dismissal of its claims sounding in fraud, unjust enrichment and breach of the implied covenant of good faith and fair dealing against defendant Abaplus for failure to state a cause of action. I agree with the majority’s conclusion that Supreme Court lacked personal jurisdiction over VDI and Vargas. I disagree, however, with the majority’s finding that the complaint states causes of action sounding in fraud and unjust enrichment. I further disagree with the majority’s conclusion that the cause of action for breach of the implied covenant of good faith and fair dealing was properly dismissed.
*101 This action involves contracts by which VDI and Abaplus were to supply cable television programming to plaintiff. It is alleged in the amended complaint that Abaplus paid and concealed bribes to Claudio Bevilacqua, plaintiffs former chief executive officer, in order to induce him to authorize plaintiffs payment of inflated prices for the programming.
To state a claim for fraud, a plaintiff must allege misrepresentation or concealment of a material fact, falsity, scienter by the wrongdoer, justifiable reliance on the deception, and resulting injury (Zanett Lombardier, Ltd. v Maslow, 29 AD3d 495 [2006]). As set forth above, plaintiffs fraud claim is based on an allegation of fraudulent concealment. Absent a fiduciary relationship between the parties, a duty to disclose arises only under the “special facts” doctrine, where one party’s superior knowledge of essential facts renders a transaction without disclosure inherently unfair (Jana L. v West 129th St. Realty Corp., 22 AD3d 274, 277 [2005]). The majority misreads the instant complaint in stating that plaintiff alleges that defendants “misrepresented to plaintiff the true consideration for the 2001 and 2002 agreements.” Rather, plaintiff bases its fraud claim upon the allegation that “[i]n reliance on Defendants’ material omission (i.e., the failure to disclose that Bevilacqua was accepting bribes from Vargas and/or the companies he controlled), Pramer continued operating under the agreements negotiated by Bevilacqua and Vargas.” In light of this core allegation, plaintiffs fraud claim falls squarely within the special facts doctrine set forth above.
In any event, the fraud claim was properly dismissed because it is alleged to be based on commercial bribery. Here, plaintiff relies upon Niagara Mohawk Power Corp. v Freed (265 AD2d 938 [1999]), a case the majority also cites for the proposition that a private remedy for an employer harmed by the bribery of its employee exists under tort law. In Sardanis v Sumitomo Corp. (279 AD2d 225 [2001]), however, this Court expressly disagreed with Niagara Mohawk, holding that a private right of action does not exist under the commercial bribery provisions of the Penal Law (id. at 229-230). Despite Sardanis, the majority posits that the fraud cause of action based on plaintiff’s “bribery-related allegations” arises in common-law tort. In the same paragraph, however, the majority purports to adhere to Sardanis by acknowledging that a private right of action is not implied under the commercial bribery provisions of the Penal Law. Hence, the majority seems to be saying that the action- *102 ability of commercial bribery depends on whether a complaint invokes the common law or the Penal Law. I submit that under Sardanis commercial bribery cannot be maintained in tort in either case. Here, I take judicial notice of the complaint that was part of the record before the Sardanis Court.* That pleading does not set forth the Penal Law or any other statute as a basis for its commercial bribery claim. Nevertheless, the Sardanis Court reached the conclusion alluded to above. Based on the foregoing, I submit that commercial bribery is not actionable as a species of fraud (see Wint v ABN Amro Mtge. Group, Inc., 19 AD3d 588 [2005]). The conclusion I reach would not leave plaintiff without redress for the alleged bribery. A remedy can be found in the cause of action for breach of the implied covenant of good faith and fair dealing discussed below.
I also disagree with the majority’s conclusion that Supreme Court erred in dismissing the unjust enrichment claim against Abaplus. A plaintiff cannot maintain an unjust enrichment claim while simultaneously alleging the existence of an express contract covering the same subject matter (see MJM Adv. v Panasonic Indus. Co., 294 AD2d 265, 265-266 [2002], citing Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388-389 [1987]). In this instance, plaintiff alleges the existence of a contract that is also admitted in Abaplus’s answer to the amended complaint. The majority reasons that the equitable remedy of unjust enrichment will not be precluded in the event it is determined that the contracts are voided as being induced by fraud. Plaintiff, however, seeks no such equitable relief. Instead, plaintiff seeks a declaration that the contract has been terminated pursuant to its own provisions. This relief is based on contract.
I also part company with the majority insofar as it concludes that the cause of action based on a breach of the implied covenant of good faith and fair dealing was properly dismissed. Under New York law, the implied covenant embraces a pledge that no party to a contract shall do anything that will have the effect of destroying or injuring another party’s right to receive the fruits of the contract (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002]). The covenant of “good faith and fair dealing ... is breached when a party acts in a manner that—although not expressly forbidden by any contractual provision—would deprive the other party of receiv *103 ing the benefits under their agreement” (Sorenson v Bridge Capital Corp., 52 AD3d 265, 267 [2008], lv dismissed 12 NY3d 748 [2009]). Supreme Court dismissed plaintiffs implied covenant of good faith and fair dealing claim, finding it to be subsumed by the breach of contract cause of action. This was error. Plaintiffs breach of covenant claim is based upon the alleged bribery scheme, while the contract claim recites discrete contractual provisions involving the amount of programming provided by Abaplus, as well as distribution rights. Accordingly, I would modify Supreme Court’s order only to the extent of reinstating the breach of implied covenant of good faith and fair dealing cause of action.
Friedman and Román, JJ., concur with Acosta, J.; Andrias, J.E, and DeGrasse, J., dissent in part in a separate opinion by DeGrasse, J.
Order, Supreme Court, New York County, entered March 31, 2009, modified, on the law, the fraud and unjust enrichment claims against Abaplus reinstated, and otherwise affirmed, without costs.

 This Court may take judicial notice of undisputed court records and files (Matter ofKhatibi v Weill, 8 AD3d 485 [2004]).