644

[908 NYS2d 834]

NEW YORK STATE THRUWAY AUTHORITY, Plaintiff, v NATHAN C. FENECH et al., Defendants.

GRAHAM CORPORATION, Third-Party Plaintiff, v DONALD WRIGHT, Doing Business as M & D TRANSPORT, Third-Party Defendant.

Supreme Court, Albany County, August 12, 2010

**APPEARANCES OF COUNSEL**

*Ropers, Majeski, Kohn & Bentley, P.C.*, New York City (*Anthony D. Grande* of counsel), for Nathan C. Fenech and another, defendants. *Napierski, VanDenburgh & Napierski, LLP*, Albany (*Mark J. Dolan* of counsel), for Graham Corporation, defendant and third-party plaintiff. *Andrew M. Cuomo, Attorney General*, Albany (*Kathryn J. Blake* of counsel), for plaintiff.

**OPINION OF THE COURT**

RICHARD M. PLATKIN, J.

In this action to recover for damage to property, defendants Nathan C. Fenech and Silver Creek Transport Ltd. move, in part, pursuant to CPLR 3211 (a) (8) to dismiss the complaint as against them on the ground that the court lacks personal jurisdiction over them. Movants contend that plaintiff New York State Thruway Authority failed to effect service of process on them in accordance with the provisions of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Service Convention) (20 UST 361, TIAS No. 6638 [1969]). In the alternative, Fenech and Silver Creek (collectively moving defendants) seek dismissal on the ground that the Thruway Authority failed to effect service of process pursuant to Vehicle and Traffic Law § 253 (2). The Thruway Authority and defendant/third-party plaintiff Graham Corporation (Graham) oppose the motion.

Background

On September 3, 2009, the Thruway Authority commenced this action, alleging, in part, that on September 18, 2006, Fenech drove a tractor-trailer owned by Silver Creek containing a load that exceeded the height limitations of Vehicle and Traffic Law § 385.[1] Further, the complaint alleges that Fenech drove that load under a bridge that "carries Kelsey Road over I-90 at

---

1. Vehicle and Traffic Law § 385 (2) provides, in relevant part, that

milepost 393.4" (verified complaint ¶ 8, Grande affirmation, exhibit B), resulting in $1,011,454.88 in damage to that bridge. According to the complaint, Graham owned the cargo being transported. On November 18, 2009, Graham answered the complaint, and, on December 3, 2009, commenced the third-party action.

On December 29, 2009, the Thruway Authority filed two affidavits, one attesting that service of process had been effected on Fenech pursuant to Vehicle and Traffic Law § 253 and the other attesting to such service on Silver Creek.[2] Those affidavits provided that, on October 6, 2009, an Assistant Attorney General served the Secretary of State with a copy of the summons and complaint and sent the same separately by registered mail to both Fenech and Silver Creek in Ontario, Canada. Further, the affiant noted that he received these mailings back with each marked as "unclaimed." The affiant also attested that, "in compliance with Vehicle and Traffic Law Section 253 (2), the Summons and Complaint were posted again by ordinary mail on December 23, 2009" separately to Fenech and Silver Creek (Nagle affidavit ¶ 5, exhibits E, F).

According to an affidavit of service sworn to October 7, 2009, the Thruway Authority served

> "the attached SUMMONS with NOTICE on SILVER CREEK TRANSPORT LTD, by personally delivering one true copy thereof to the Office of the Secretary of State at 99 Washington Ave, 1 Commerce Plaza, Albany, New York at 12:15 p.m. on October 6, 2009 and there leaving said copy with Donna Christie in the office of the Secretary of State. Service was made in this manner pursuant to the provisions of Section 307 of the Business Corporation Law" (McNee affidavit of service, Blake affirmation, exhibit E).

Fenech and Silver Creek now move, in part, pursuant to CPLR 3211 (a) (8) to dismiss the complaint as against them on the

"[t]he height of a vehicle from under side of tire to top of vehicle, inclusive of load, shall be not more than thirteen and one-half feet. Any damage to highways, bridges or highway structures resulting from the use of a vehicle exceeding thirteen feet in height where such excess height is the proximate cause of the accident shall be compensated for by the owner and operator of such vehicle."

2. On each of the affidavits under the heading "Affidavit," "BCL § 306" and "VTL § 253" were noted. However, the text in the body of the affidavits only references Vehicle and Traffic Law § 253.

grounds that the Thruway Authority failed to effect service of process on them in accordance with the Hague Service Convention. Further, the moving defendants note that the statute of limitations has now expired. The Thruway Authority and Graham oppose the motion.

Discussion

The moving defendants argue that the Thruway Authority was required to serve them in this action in accordance with the Hague Service Convention. The moving defendants contend that, since service was only attempted pursuant to Vehicle and Traffic Law § 253, the complaint must be dismissed as against them.

The Court of Appeals has held: "Where there exists a treaty requiring a specific form of service of process such as the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters . . . , that treaty, of course, is the supreme law of the land and its service requirements are mandatory" (*Morgenthau v Avion Resources Ltd.*, 11 NY3d 383, 390 [2008], citing *Volkswagenwerk Aktiengesellschaft v Schlunk*, 486 US 694 [1988]; *see Amerasia Bank v Saiko Enters.*, 263 AD2d 519, 520 [2d Dept 1999]). At issue here is the Hague Service Convention, which "is designed 'to simplify service of process abroad so as to ensure that documents are brought to the notice of the addressee in sufficient time' " (*Reynolds v Woosup Koh*, 109 AD2d 97, 98 [3d Dept 1985] [citation omitted]). As the moving defendants suggest, this treaty governs service in this action (*see Morgenthau*, 11 NY3d at 390; *Amerasia Bank*, 263 AD2d at 520). Therefore, the Thruway Authority's service on the moving defendants pursuant to either Vehicle and Traffic Law § 253 or Business Corporation Law § 307[3] is ineffective unless the mailing of the summons and complaint on these defendants also satisfies the requirements of the Hague Service Convention.

The moving defendants maintain that provisions outlined in articles 2 through 6 of the Hague Service Convention control service here, relying on *Reynolds v Woosup Koh* (109 AD2d 97

3. Vehicle and Traffic Law § 253 allows for service of process on nonresidents by serving the Secretary of State with a copy of the summons and complaint followed by mailing, certified with a return receipt requested, a copy of the summons and complaint to the named defendant. Similarly, service of process on an unauthorized foreign corporation is made by serving the Secretary of State with the summons and complaint followed by, among other things, mailing, certified with a return receipt requested, a copy of the summons and complaint to the named corporate defendant.

[1985], *supra*). In pertinent part, those articles provide that each contracting state to the convention shall designate a central authority to receive requests for service from other contracting states, and any request for service from a contracting state shall be sent to that central authority (*see* Hague Service Convention arts 2-3, 20 UST 361, TIAS No. 6638 [1969]).[4] If the request is accepted (*see id.* art 4),

> "[t]he Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either—
> "a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or
> "b) by a particular method requested by the applicant, unless such method is incompatible with the law of the State addressed" (*id.* art 5).

It is undisputed that the Thruway Authority did not follow the provisions of the Hague Service Convention outlined above. Rather, the Thruway Authority contends that service by international mail, return receipt requested, was sufficient under article 10 (a) of the Hague Service Convention, relying on *Fernandez v Univan Leasing* (15 AD3d 343 [2d Dept 2005]). Article 10 (a) provides as follows: "Provided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad" (20 UST 361, TIAS No. 6638 [1969]). A review of *Reynolds*—relied upon by the moving defendants—and *Fernandez*—relied upon by the Thruway Authority and Graham—reveals that the judicial departments within this state have adopted differing positions as to how service under the Hague Service Convention is to be effected.

In *Reynolds*, the Third Department considered whether service on a Japanese company pursuant to article 10 (a) of the Hague Service Convention was properly made, concluding "that service by postal channels cannot be permitted under article 10 (a)" (*Reynolds*, 109 AD2d at 99). In reaching this conclusion, the Third Department, upon review of the then-relevant case law on the issue, noted:

> "That article 10 (a) refers to 'send', whereas the Hague Convention repeatedly refers to 'service' of

---

4. A copy of the Hague Service Convention is annexed as exhibit A to the Grande affirmation submitted by the moving defendants.

documents, indicates to us that article 10 (a) was meant to authorize something other than 'service' in the legal sense, such as the mere transmittal of notices and legal documents which need not be 'served' in the legal sense. To hold otherwise would relegate the role of the Japanese Minister for Foreign Affairs in a way that seems to us contrary to the import of the Hague Convention. Accordingly, we are of the view that the mere sending of the amended summons and complaint to Nissan in Japan did not satisfy the service requirements of the Hague Convention so as to gain jurisdiction over Nissan" (*id.* at 99-100; *see Sardanis v Sumitomo Corp.*, 279 AD2d 225, 229 [1st Dept 2001] [adopting the reasoning of the Third Department in *Reynolds* with regard to article 10 (a), noting that *Reynolds* is "better reasoned, especially in light of the United States Supreme Court's reading of 'service' in the Hague Convention as a term of art, referring specifically to the process that initiates a lawsuit and secures jurisdiction over an adversary party"]).

In contrast, the Second Department in *Fernandez* held that service properly had been effected upon Canadian defendants under the Hague Service Convention (*see Fernandez*, 15 AD3d at 344). There, the Second Department noted that article 19 "permits service by any method permitted by the internal laws of the country in which service is being made," noting that in "Ontario, Canada, service by mail is a permissible method" (*id.*). Furthermore, the Second Department concluded that "article 10 of the Hague Convention 'permits service of process by mail directly to the person abroad provided that the State of designation does not object in its ratification to such service' " (*id.*, quoting *Cantara v Peeler*, 267 AD2d 997, 997 [4th Dept 1999]). In so concluding, the Second Department noted that Canada had not objected in its ratification of such service and "its courts have construed article 10 as authorizing the use of postal channels to serve process upon residents of other signatory nations to the Hague Convention that have likewise declined to object to the terms of article 10" (*id.*).

Whatever persuasive force the Second Department's decision in *Fernandez* may have, this court is bound to follow precedent from the Third Department (*see generally Matter of Patrick BB.*, 284 AD2d 636, 639 [3d Dept 2001]; *Mountain View Coach Lines v Storms*, 102 AD2d 663, 664 [2d Dept 1984]). Accordingly, to

the extent that the holdings in *Reynolds* are applicable here, this court is obliged to follow them. The Thruway Authority maintains that *Reynolds* "is wholly inapplicable to the facts of this matter because it concerned the serve upon a Japanese citizen. As Canada specifically permits service by mail, whereas Japan does not, *Reynolds* is not relevant to the determination of this application" (plaintiff's mem of law at 3 n 1). The court disagrees.

While certainly there are differences between the internal laws of Japan and Canada regarding service, neither of these countries had objected to the method of sending legal papers outlined in article 10 (a), use of postal channels, which is at issue here (*see Fernandez*, 15 AD3d at 344; *Reynolds*, 109 AD2d at 99 [noting that Japan objected to subparagraphs (b) and (c) of article 10 but not subparagraph (a)]). Rather, the focus of the Third Department's holding is that article 10 (a) does not reference service of process, as used as a term of art to refer to the commencement of an action, but instead applies only to the "sending" of legal documentation once an action validly has been commenced (*see Reynolds*, 109 AD2d at 99-100; *see also Sardanis*, 279 AD2d at 229; *but see Brockmeyer v May*, 383 F3d 798 [9th Cir 2004] [discussing at length the rationale for applying article 10 (a) to service of process]; *Ackermann v Levine*, 788 F2d 830 [2d Cir 1986]). Accordingly, *Reynolds* is relevant to the dispute here since it holds that article 10 (a) of the Hague Service Convention does not authorize a method of serving process. Thus, under this holding, the Thruway Authority has not properly effected service on either Fenech or Silver Creek insofar as it relies upon compliance with article 10 (a) as the basis for such service.

Turning to the other aspects of the Second Department's holding in *Fernandez*, the court also relied on article 19 of the Hague Service Convention.[5] That article falls within chapter III of the Hague Service Convention pertaining to "General Clauses," and it provides: "To the extent that the internal law of a contracting State permits methods of transmission, other than those provided for in the preceding articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions" (Hague Service Convention art 19, 20 UST 361, TIAS No. 6638 [1969]). The

5. While the Thruway Authority does not expressly argue that article 19 applies here, its reliance on *Fernandez* appears to raise the issue.

Rules of Civil Procedure for Ontario with regard to service outside Ontario provide:

"An originating process or other document to be served outside Ontario in a contracting state shall be served,

"(a) through the central authority in the contracting state; or

"(b) in a manner that is permitted by Article 10 of the Convention and that would be permitted by these rules if the document were being served in Ontario" (Ontario Rules Civ Pro, RRO 1990, Reg 194, rule 17.05 [3]).

In Ontario, "[a]n originating process shall be served personally . . . or by an alternative to personal service as provided in rule 16.03" (Ontario Rules Civ Pro, RRO 1990, Reg 194, rule 16.01). Rule 16.03 (4), governing alternative service by mail on an individual, provides:

"Service of a document may be made by sending a copy of the document together with an acknowledgment of receipt card . . . by mail to the last known address of the person to be served, *but service by mail under this subrule is only effective as of the date the sender receives the card*" (emphasis added).

Applying these rules, even if article 19 does apply to service of process, the Thruway Authority's service upon Fenech would not be sufficient because it did not comply with the internal law of Ontario. Specifically, the record shows that, while the summons and complaint were mailed with a return receipt requested to what appears to be the last known address of Fenech, service was not effective since the Thruway Authority never received the acknowledgment card or the return receipt. Rather, as the Thruway Authority's affidavits of service filed in this matter indicate, the mailing to Fenech was returned "unclaimed."

As to Silver Creek, the pertinent rule regarding alternative service on a corporation provides:

"Where the head office, registered office or principal place of business of a corporation or, in the case of an extra-provincial corporation, the attorney for service in Ontario cannot be found at the last address recorded with the Ministry of Consumer and Commercial Relations, service may be made on the corporation by mailing a copy of the document to the corporation or to the attorney for service in On-

tario, as the case may be, at that address" (Ontario Rules Civ Pro, RRO 1990, Reg 194, rule 16.03 [6]).

Here, there was no showing by the Thruway Authority that service was ever attempted at the last address recorded with the Ministry of Consumer and Commercial Relations so as to fall under the ambit of this rule. Accordingly, service under article 19 of the Hague Service Convention was not properly made upon Silver Creek.

The court observes that in reaching the foregoing conclusions, it is mindful of the additional burdens imposed upon New Yorkers, and the additional protections conferred upon domiciliaries of other contracting states, by the strict reading of article 10 (a) adopted by the Third Department in *Reynolds* almost 25 years ago. Nonetheless, for the reasons stated above, this court is bound by *Reynolds* and has no discretion to entertain the adoption of alternative interpretation of article 10 (a). However, it may be appropriate for the Third Department to revisit *Reynolds* in light of time and experience, including the interpretation given to article 10 (a) by the federal courts within New York State and by the courts of other contracting states, and ultimately for the Court of Appeals to consider this issue in order to allow the New York courts to speak with a unified voice with respect to the obligations imposed by this international treaty.

Finally, the court must reject the Thruway Authority's argument that the moving defendants were not prejudiced by any failure to comply with the above-discussed service provisions since they "were given more notice of this litigation than the average defendant has in civil matters and should be estopped altogether from claiming any undue bias caused by Plaintiff's service of Defendants pursuant to and in full compliance with the relevant statutory provisions" (Blake affirmation ¶ 17). "It is well settled that the fact that a defendant may have actually received the documents [initiating a law suit] is irrelevant if the requirements for service of process have not been met" (*Laino v Cuprum S.A. de C.V.*, 235 AD2d 25, 32 [2d Dept 1997], citing *Raschel v Rish*, 69 NY2d 694, 697 [1986]).

Thus, based on the foregoing, the court grants the motion by the moving defendants to dismiss the complaint on the grounds that the court lacks personal jurisdiction.

Accordingly,[6] it is ordered that the motion by defendants Nathan C. Fenech and Silver Creek Transport Ltd. to dismiss the complaint is granted; and it is further ordered that the complaint is dismissed as to defendants Nathan C. Fenech and Silver Creek Transport Ltd.

---

**6.** The court has considered the parties' remaining arguments and contentions and finds them either unavailing or unnecessary to reach given the court's determination.