OPINION OF THE COURT
Elizabeth H. Emerson, J.
It is ordered that the motion by the plaintiff for an order of default against the defendants and the branch of the cross mo *218 tion by the defendants for a stay of this action are referred to oral argument, and it is further ordered that the branch of the cross motion by the defendants to dismiss the complaint is denied.
The defendant Tukdan Holdings, Ltd. (Tukdan) is an Israeli corporation whose principal place of business is in Israel, and the defendant Danny Werner is an Israeli resident. The plaintiff, a New York corporation whose principal place of business is in Melville, New York, commenced this action against the defendants, Tukdan and Werner, by personally serving them in Israel in accordance with Israeli law and by mailing copies of the summons and complaint to them by registered mail in Israel. The defendants failed to answer the complaint or otherwise appear. The plaintiff subsequently moved for an order of default against them, and the defendants cross-moved, inter alia, to dismiss the complaint on the ground that they were not properly served pursuant to the Hague Convention. Specifically, the defendants argue that, pursuant to Israel’s declarations and reservation to the Hague Convention, the only permissible method of service on the defendants was through Israel’s Central Authority.
The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 UST 361, TIAS No. 6638 [1969]) is a multilateral treaty designed to simplify the methods for serving process abroad to assure that defendants sued in foreign jurisdictions receive actual and timely notice of suit and to facilitate proof of service abroad (see Fernandez v Univan Leasing, 15 AD3d 343, 344 [2d Dept 2005]). Pursuant to the Hague Convention, the primary method of service is through the Central Authority established by each member state. The use of the Central Authority, however, is not mandatory (see Canizio and Singh, Service of Process and the Hague Convention, NYLJ, Aug. 27, 2010). Article 19 of the Hague Convention permits service by any method permitted by the internal laws of the country in which service is being made (see Fernandez v Univan Leasing at 344). Moreover, article 10 permits service of process by mail directly to the person abroad provided that the state of destination does not object in its ratification to such service (id. at 344). Article 10 provides as follows:
“Provided the State of destination does not object, the present Convention shall not interfere with - “(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
*219 “(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
“(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.”
It is undisputed that the State of Israel is a signatory to the Hague Convention and that it objected to paragraphs (b) and (c) of article 10.
At issue, then, is paragraph (a) and its use of the word “send” rather than the word “service,” which is used in paragraphs (b) and (c). The First and Third Departments interpret the word “send” in article 10 (a) to authorize something other than “service” in the legal sense, such as the mere transmittal of notices and legal documents, and not the service of process that initiates a lawsuit and secures jurisdiction over an adversary party (see Sardanis v Sumitomo Corp., 279 AD2d 225, 229 [1st Dept 2001]; Reynolds v Woosup Koh, 109 AD2d 97, 99 [3d Dept 1985]). That interpretation, however, has not been followed in the Second Department and is not binding on this court. The Second Department has followed the Fourth Department in interpreting the word “send” in article 10 (a) as synonymous with “service” and permitting service of process by registered mail when, as here, the state of destination has not objected to the use of postal channels under article 10 (a) (see Fernandez v Univan Leasing, 15 AD3d 343, 344-345 [2005]; Rissew v Yamaha Motor Co., 129 AD2d 94, 97-98 [4th Dept 1987]). Moreover, a Special Commission of the Hague Convention that met in 2003 considered the issue and concluded that the term “send” in article 10 (a) is to be understood as meaning “service” through postal channels (see Canizio and Singh, Service of Process and the Hague Convention, NYLJ, Aug. 27, 2010). The U.S. State Department has, likewise, stated that it is incorrect to suggest that the Hague Convention prohibits as a method of service the sending of a copy of the summons and complaint by registered mail to a defendant in a foreign country (id.).
Here, the defendants were personally served in accordance with Israeli law and copies of the summons and complaint were mailed to them by registered mail in Israel. The court finds *220 that, under these circumstances, service was proper. Accordingly, the branch of the cross motion by the defendants which is to dismiss the complaint is denied.
The remaining issues are referred to oral argument. Only counsel fully familiar with and authorized to settle, stipulate, or dispose of this action shall appear at oral argument.